■ In the Matter of the Claim of SADIE McCOWAN, on Behalf of Herself and Minor Children, Respondent, against CHARLES McCosco et al., Appellants, and HEIDT BROS. GARAGE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a Workmen's Compensation Board decision and award of death benefits and for disability prior to death. The awards were charged equally against two employers, with reimbursement to the second

employer from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law, after 104 weeks, and the first employer and his insurance carrier appeal. On November 15, 1949, decedent was employed as a mechanic and truck driver by appellant McCosco and on that day received what was termed a crushing, bruising injury to the chest wall when the body of a dump truck, laden with earth, in some way became disengaged so as to overturn upon the cab in which decedent sat. There was no X-ray evidence of fracture, but decedent for some months suffered chest, abdominal and back pains and shortness of breath, and about 4½ months after the accident was operated upon for a perforated stomach ulcer, attributed to the accident. Thereafter decedent went to work for the respondent Heidt Bros. Garage and it seems to have been recognized that he remained under some disability. On December 22, 1950, about 13 months after his first accident, while dismounting an automobile tire from the rim he sustained a coronary occlusion. He returned to work four days later and two weeks thereafter, while polishing a fender, collapsed and shortly died. The physician who attended him regularly from the date of his first accident until his death stated the cause of death to be coronary occlusion, related to (1) a crushing injury of the chest on November 15, 1949, (2) an automobile accident [unrelated to any employment] on July 10, 1950, in which a chest injury was sustained, (3) exertion and strain and heart attack on December 22, 1950, and (4) perforated gastric ulcer, with operation, March 23, 1950. On cross-examination at hearings subsequent to decedent's death, the attending physician was frank to say that, despite his constant treatment of decedent, he had not suspected a cardiac involvement until the first heart attack but, in retrospect, he felt that some of the chest pains of which decedent complained following the first accident were of such nature as to indicate cardiac distress related to that accident. Finally, however, the doctor said, " I would be unfair to say there was no connection between the original accident of November and this [the heart attack of December 22, 1950] and whether there was a relationship or not I do not know." There was other evidence, however, that the first accident produced damage to decedent's heart muscle, causing permanent injury. This was the testimony of a cardiologist called by the second employer's carrier. He said further that a cardiac condition was the probable cause of decedent's disablement on December 22, 1950 and that this condition apparently became progressive and more severe from then until his death. He considered coronary occlusion the most likely cause of death but felt that the final attack was not induced by the work. In our view, the board was entitled to accept the testimony of the carrier's cardiologist to supply connection with the accident of November 15, 1949 and, further, as supporting the attending physician's diagnosis of coronary occlusion, however induced, as the cause of death. Finally, the attending physician's con clusions that the heart attack of December 22, 1950 was induced by the undue strain of decedent's work, and was the cause of his death 17 days later, remained firm and seem to us to constitute substantial evidence. Neither the second employer, its carrier nor the Special Fund under subdivision 8 of section 15 has appealed from the determination predicated on those medical conclusions. Decision and award affirmed, with costs to the Workmen's Compensation Board against the appellants. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.